NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————
                                        :
JOHANNS J. CUADROS,                     :
                                        :      **Civ. No. 16-8145 (JMV)**
                Petitioner,             :
                                        :
        v.                              :      **OPINION**
                                        :
WARDEN CHARLES GREEN,                   :
                                        :
                Respondent.             :
———————————————    :

APPEARANCES:

Johanns J. Cuadros
Essex County Correctional Facility
2C1-126
Newark, NJ 07105
        Acting *pro se*

Ari Nazarov
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868
Washington, DC 20044
        on behalf of Respondent

**VAZQUEZ**, District Judge

On October 28, 2016, Petitioner Johanns Cuadros, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged pre-final removal order detention by U.S. Immigration and Customs Enforcement ("ICE"). Petitioner has been in ICE custody since April 4, 2016. (ECF No. 8-1 at 4.) On December 16, 2016, Respondent filed a response to the petition, opposing habeas relief on the basis that mandatory detention,

pursuant to 8 U.S.C. § 1226(c), since April 4, 2016 is reasonable under the circumstances of this case. (ECF No. 8 at 1-2.) Petitioner filed a reply, asserting that he should not be punished for seeking a continuance to request a change of venue. (ECF No. 9 at 3.)

I. BACKGROUND

Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), and held in Essex County Correctional Facility since April 4, 2016. (ECF No. 8 at 3.) Petitioner is a native and citizen of Peru. (*Id.* at 7.) He was admitted to the United States on May 23, 1991, as an immigrant. (*Id.*) On May 26, 1999, Petitioner pled guilty to two separate counts of fourth-degree criminal sexual contact in violation of N.J.S.A. § 2C:14-3(b). (ECF No. 8-1 at 3-4.) He was sentenced to a five-year term of probation, including 364 days of incarceration. (*Id.* at 4.)

Petitioner was arrested by members of ERO Newark's CAP/CARI Unit on April 4, 2016, and processed by ICE on April 20, 2016. (*Id.*) On April 29, 2016, ICE served Petitioner with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(ii).[1] (*Id.* at 6.) On May 17, 2016, Petitioner's counsel filed a motion for change of venue from Batavia, New York to Elizabeth, New Jersey, and the motion was granted. (ECF No. 8-1 at 22, ¶¶3-4.) On July 1, 2016, Petitioner was scheduled to appear for a master calendar hearing, but he obtained a continuance to contest charges of removability. (*Id.*, at 23, ¶5.) On August 19, 2016, Petitioner

---

[1] 8 U.S.C. § 1227(a)(2)(A)(ii) provides:

> (ii) Multiple criminal convictions
>
> Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

2

was scheduled to appear for a master calendar hearing, and the hearing was continued to allow Petitioner to file an application for relief. (*Id.*, ¶6.) On the same day, Petitioner appeared at a custody hearing, and the Immigration Judge ("IJ") denied Petitioner's request for bond. (*Id.*, ¶7.) At a master calendar hearing on September 14, 2016, Petitioner obtained a continuance to contest charges of removability, and he also filed an application for cancellation of removal. (*Id.*, ¶¶8-9.) On October 20, 2016, an IJ denied Petitioner's application for cancellation of removal and entered a removal order. (*Id.*, ¶10.) On November 1, 2016, Petitioner appealed to the BIA. (*Id.* at 24, ¶11.)

## II. DISCUSSION

A. Standard of Review

8 U.S.C. § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes or have engaged in certain terrorist activities. Detention of aliens who were admitted to the United States and were thereafter convicted of two crimes of moral turpitude, not arising out of a single scheme of criminal misconduct, is mandatory. 8 U.S.C § 1226(c)(1)(B) ("the Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title")

Detention without the possibility of bond "for a reasonable period of time" pursuant to Section 1226(c) is constitutional. *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011). However, a Section 1226(c) detention may raise constitutional concerns if detention becomes unreasonably prolonged. *Id.* Under *Diop*, the reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.* at 234. Once detention becomes unreasonably prolonged, "the authorities must make an individualized inquiry into whether

3

detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id.* at 231.

The Third Circuit has not imposed a bright-line rule for when detention becomes unreasonably prolonged; the inquiry is fact-sensitive. *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474 (3d Cir. 2015). In *Chavez-Alvarez*, the court noted that after six months of detention, "and certainly by the time [the petitioner] had been detained for a year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. In *Leslie v. Attorney General of the U.S.*, 678 F.3d 265, 271 (3d Cir. 2012), the Third Circuit held that voluntary pursuit of bona fide legal challenges to removal should not render the corresponding increase in time of detention reasonable because this approach would punish a petitioner for pursuing applicable legal remedies.

B. The Parties' Arguments

Petitioner seeks release from custody or a bond hearing on the basis that his pre-removal order detention by ICE, since April 20, 2016,[2] is unreasonably prolonged. (ECF No. 1 at Respondent opposes the petition because Petitioner's detention under § 1226(c) is reasonable. (ECF No. 8 at 9.) Respondent contends Petitioner is responsible for a significant portion of the delays in his removal proceedings because he requested several continuances accounting for roughly half of the seven-month period Petitioner was in detention when he filed his habeas petition. (*Id.* at 10.)

---

[2] April 20, 2016 is the date Petitioner was processed by ICE, but he was arrested and taken into custody on April 4, 2016. (ECF No. 8-1 at 4.)

4

Respondent further argues that even if Petitioner did not delay his removal, he lacks a bona fide challenge to removal. (*Id.* at 11.) In his petition, Petitioner stated only that he will be able to demonstrate that the equities will support a cancellation of removal. (*Id.*)

In reply, Petitioner argued that the sole continuance he requested was on May 19, 2016, for a change of venue because his attorney practices in New Jersey and venue was in New York. (ECF No. 9 at 3.) Petitioner asserts he should not be punished for a delay that was necessary for his representation by counsel. (*Id.*) Every other adjournment of proceedings, according to Petitioner, was granted to allow Petitioner to contest the charges and submit his applications for relief. (*Id.* at 5-6.) Petitioner states that his conviction "is currently re-opened on Post-Conviction Relief, where he expect[s] to prevail on the issues within his case where his attorney was ineffective as the choices made by his attorney clearly created the result that created this current situation." (*Id.* at 16.)

C.  Analysis

"[A]ny challenge by a criminal alien to the BIA's interpretation of the immigration laws or to the constitutionality of these laws must be made through a habeas petition." *Catney v. INS*, 178 F.3d 190, 195 (3d Cir. 1999)). The constitutionality of pre-removal order mandatory detention "is a function of the length of the detention." *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232.))

Reasonableness of the length of detention is highly fact-specific. *Id.* The inquiry involves more than which party caused the delay. *Id.* at 475. "The most important consideration . . . is whether an alien challenges aspects of the Government's case that present real issues, for example: a genuine factual dispute; poor legal reasoning; reliance on a contested legal theory; or the presence

5

of a new legal issue." *Id.* at 476. Furthermore, the good faith determination is more complex than weighing the petitioner's likelihood of success. *Id.*

If a petitioner presents a legitimate challenge to removal, a court should not punish the petitioner by rendering "the corresponding increase in time of detention [as] reasonable." Leslie, 678 F.3d at 271. The record indicates Petitioner, through counsel after the change in venue, has timely pursued bona fide legal remedies to challenge or seek relief from removal. As a result, the Court will not attribute any portion of Petitioner's detention to unreasonable delay on Petitioner's part. *See Chavez-Alvarez*, 783 F.3d at 476 ("[b]ecause we conclude that [Petitioner] did not act in bad faith, we do not need to decide here whether an alien's delay tactics should preclude a bond hearing.")

Petitioner's detention of nearly one-year without a bond hearing[3] has become unreasonably prolonged to achieve the purpose of the statute, assessing whether Petitioner poses a flight risk or

---

[3] The record indicates that Petitioner requested a change in custody status, and a hearing was held on August 19, 2016. (ECF No. 8-1 at 27.) The IJ denied the request because "Respondent is subject to mandatory detention under 236(C)." (*Id.*) Because 8 C.F.R. § 236(C) does not exist, the Court assumes the IJ was referring to 8 C.F.R. § 236.1(c), which provides:

> (c) Custody issues and release procedures—
>
> (1) In general.
>
> (i) After the expiration of the Transition Period Custody Rules (TPCR) set forth in section 303(b)(3) of Div. C of Pub.L. 104–208, no alien described in section 236(c)(1) of the Act may be released from custody during removal proceedings except pursuant to section 236(c)(2) of the Act.

8 C.F.R. § 236.1(c)(2) states, "Aliens not lawfully admitted. Subject to paragraph (c)(6)(i) of this section, an alien subject to the TPCR who is not lawfully admitted is not eligible to be considered for release from custody." Therefore, it does not appear that the IJ considered whether Petitioner posed a flight risk or was a danger to the community, but decided only that Petitioner was subject to mandatory detention.

presents a danger to the community. The proper habeas relief is for Respondent to provide Petitioner with a bond hearing. *See Chavez-Alvarez*, 783 F.3d at 478 ("[w]e will remand . . . to enter an order granting the writ of habeas corpus and ensure that [Petitioner] is afforded . . . a hearing to determine, on evidence particular to [Petitioner], it is necessary to continue to detain him to achieve the goals of the statute.)

## III. CONCLUSION

Petitioner has now been detained for approximately one year. His prolonged detention is no longer justified by a presumption that as a criminal alien, he is a danger to the community or a flight risk. Therefore, the Court will order a bond hearing, governed by the procedures provided to aliens in discretionary detention under 8 U.S.C. § 1226(a). *See Diop*, 656 F.3d at 235 ("[s]hould the length of [the petitioner's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.")

An appropriate Order follows.

Date: April 7, 2017

At Newark, New Jersey

                s/ John Michael Vazquez
                JOHN MICHAEL VAZQUEZ
                United States District Judge